**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| TRONG VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-cv-12687-MJJ |
| | ) | |
| ANTONE MONIZ, Superintendent of | ) | |
| Plymouth County Correctional Facility; et al. | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OF DECISION

July 6, 2026

JOUN, D.J.

The legal issues presented in this case are similar to those I addressed in *Nguyen v. Hyde*, 788 F. Supp. 3d 144 (D. Mass. 2025). As explained in my Memorandum of Decision and Order in that case, the First Circuit has made clear that ICE's decision to re-detain a noncitizen like Petitioner must be made pursuant to ICE's own regulation, 8 C.F.R. § 241.13(i)(2). *See Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023). Because the detention of Petitioner is not in line with this regulation, the Petition for Writ of Habeas Corpus, [Doc. No. 1], is <u>GRANTED</u>.

## I.    JURISDICTION

Respondents argue that this Court lacks jurisdiction over the Petition. I disagree. At the time Petitioner filed this Petition, "Petitioner had already been removed from Massachusetts and placed aboard an ICE-chartered aircraft." [Doc. No. 14 at 5]. However, Petitioner's counsel "did not know where [Petitioner] would ultimately be confined, who would exercise immediate

physical custody upon arrival, or even which judicial district would become Petitioner's place of confinement." [*Id.*].

As a general rule, a petitioner must file a habeas petition in the district in which they are confined and must name as a respondent the petitioner's immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004). This rule, derived from 28 U.S.C. § 2241, serves the important purposes of preventing forum shopping by habeas petitioners and avoiding the inconvenience, expense, and embarrassment of district courts with overlapping jurisdiction. *Id.* at 447. However, when the location of the petitioner or the identity of the custodian is not known by the petitioner's counsel at the time a petition for the writ is filed, these rules must bend to preserve the petitioner's right to petition for the writ. *Van Tran v. Hyde*, No. 25-CV-12546, 2025 WL 3171210, at *3–4 (D. Mass. Nov. 13, 2025). Under these circumstances, when a petitioner "is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at *3 (quoting *Padilla*, 542 U.S. at 450 n.18). Hence, the unknown custodian exception to the immediate custodian rule applies when the identity of the petitioner's immediate custodian cannot reasonably be ascertained. *See id.* at *4.

Because Petitioner was not physically detained in any judicial district at the time of filing, no district satisfies the district-of-confinement rule for purposes of transfer. *Tacuri ex rel. Guanoluisa v. Francis*, 815 F. Supp. 3d 278, 284 (S.D.N.Y. 2025). But our tradition is that "there is no gap in the fabric of habeas—no place, no moment, where a person held in custody in the United States cannot call on a court to hear his case and decide it." *Id.* at 283 (quoting *Khalil v. Joyce*, 777 F. Supp. 3d 369, 410 (D.N.J. 2025)). Petitioner's counsel filed the Petition in the district where she last knew Petitioner to be located, which was also the district in which he was taken into custody. Indeed, at the moment Petitioner's counsel filed this Petition, Petitioner was still in

flight—he had not yet entered a new district of confinement, nor had any other custodian than his custodian in the District of Massachusetts. Accordingly, this Court holds jurisdiction over this Petition.

## II.    ANALYSIS

Under the implementing regulation, "once a noncitizen has been granted supervised release, that release can only be revoked upon a showing that because of changed circumstances there is now a 'significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future.'" *Kong*, 62 F.4th at 619–20 (alteration in original) (quoting 8 C.F.R. § 241.13(i)(2)). That is, ICE's regulation requires "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Id*. at 620-21. That "determination must be conducted prior to re-detention." *Huynh v. Wesling*, 2026 WL 183467, at *3 (D. Mass. Jan. 23, 2026). Moreover, ICE carries the burden of proving that removal was significantly likely in the reasonably foreseeable future. *See Tran v. Hyde*, 2025 WL 3724853 (D. Mass. Dec. 24, 2025).

Here, Petitioner was released from ICE custody under an Order of Supervision in March 2012. [Doc. No. 13 at 4]. On or about March 25, 2026, ICE arrested Petitioner after his release from a police department in Rockland, Massachusetts, and served Petitioner with a Notice of Revocation of Release, stating that "ICE is seeking a travel document to effect Petitioner's removal to Vietnam," and that his release is no longer appropriate "because he was arrested on March 25, 2026" for motor vehicle offenses; was convicted of operating under the influence in March 2017; and was charged with domestic violence offenses from 2014 to 2016. [*Id*.] (citing Notice of Revocation of Release, [Doc. No. 13-2]). According to Petitioner, however, he was not provided with the Notice of Revocation of Release when ICE arrested him on March 25, 2026; has not

3

received any information about travel document preparations; and was not provided with the ICE-required informal revocation interview. [Doc. No. 1 at 7].

While the arrests Respondents cite may demonstrate "changed circumstances" under certain inquiries, they do not demonstrate changed circumstances of reasonably-foreseeable removal—which is what 8 C.F.R. § 241.13(i)(2) requires. Indeed, Respondents maintain that "all Vietnamese citizens and nationals regardless of their entry date into the United States [and] even if they lack Vietnamese identification documents at the time of their current detention" face "a significant likelihood of removal in the reasonably foreseeable future." [Doc. No. 13 at 2]. But that is incorrect. *See, e.g.*, *Huynh*, 2026 WL 183467, at *5 (granting habeas petition where noncitizen's detention was not in compliance with 8 U.S.C. § 1231 and its implementing regulations, even where Respondents asserted removal to Vietnam was sufficiently likely); *Nguyen v. Hyde*, 788 F. Supp. 3d 144 (D. Mass. 2025) (same). In Petitioner's case, ICE did not submit a travel document request to the ICE Removal Management Division until May 11, 2026, weeks after Petitioner was detained, and is still "locat[ing]" the "requested information" regarding the Petitioner in order to "supplement the travel document request" with the Government of Vietnam. [*Id*. at 5]. This is insufficient. Because "[t]he Court has no information about the stage of ICE's efforts to complete the travel document request, how long these efforts are likely to take, or the success of these efforts so far," this "weighs heavily against allowing continued detention." *Huynh*, 2026 WL 183467, at *5. In *Huynh*, the court noted that "[t]he lack of individualized evidence is particularly relevant in this case, because Petitioner has a criminal history, no living relatives in Vietnam, and no physical address in Vietnam. Each of these factors may make Petitioner less likely to be granted travel documents." *Id*. at 6. The same is true here. Petitioner, a 54-year-old man, was born in Vietnam but arrived in the United States as an 11-year-old unaccompanied minor from a refugee camp in

4

Indonesia. [Doc. No. 1 at 1]. He is a long-time resident of Massachusetts, has three U.S.-citizen children, and has built a life here. [*Id*.].

For these reasons, the Petition for Writ of Habeas Corpus is **GRANTED.** Respondents are **ORDERED** to release Petitioner from detention immediately pursuant to the conditions in his preexisting Order of Supervision. <u>Respondents must arrange for Petitioner to be flown back to the District of Massachusetts, at the Respondents' expense, no later than 6pm on July 7, 2026.</u> While Mr. Nguyen is on supervised release, nothing stops Respondents from requesting the Government of Vietnam accept his return. If and when ICE secures a travel document for Mr. Nguyen, a changed circumstance as discussed by the First Circuit in *Kong* would have occurred such that ICE may then re-detain Petitioner for removal.

## III.    CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus, [Doc. No. 1], is <u>GRANTED</u>.

SO ORDERED.

<u>/s/ Myong J. Joun</u>
United States District Judge